IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE    *    MDL Docket No. 2004
                                                    4:08-MD-2004 (CDL)

TRANSOBTURATOR SLING PRODUCTS   *

                                                    Case No.

LIABILITY LITIGATION         *    4:13-cv-267 (Duarte)

_____

O R D E R

       Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Matilde Duarte was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Duarte brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Duarte also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Duarte brought her claims under several theories. Mentor seeks summary judgment on all of her claims. For the reasons set forth below, Mentor's summary judgment motion (ECF No. 35 in 4:13-cv-67) is granted.

SUMMARY JUDGMENT STANDARD

       Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).   In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   A fact is *material* if it is relevant or necessary to the outcome of the suit.   *Id.* at 248.   A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.   *Id.*

## FACTUAL BACKGROUND

Plaintiff Matilde Duarte consulted Dr. Ansley Lowder Hilton and Dr. Marcia Harris-Owens regarding her incontinence symptoms. Drs. Hilton and Harris-Owens implanted Duarte with ObTape on August 12, 2005.   Duarte contends that she suffered complications due to ObTape.   She also asserts that Dr. Felice James removed a portion of Duarte's ObTape in 2011 and told her that it was causing her problems.   Duarte Dep. 7:10-9:16, ECF No. 37-3 in 4:13-cv-267.

Duarte is a North Carolina resident whose ObTape-related treatment took place in North Carolina.   Duarte filed her Complaint on July 11, 2013.   She asserts claims for personal injury under the following theories: negligence, strict liability design defect, strict liability manufacturing defect, strict liability failure to warn, breach of implied warranties,

breach of express warranties, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation.

DISCUSSION

Duarte filed her action in this Court under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. Duarte is a North Carolina resident whose ObTape-related treatment took place in North Carolina, and the parties agree that North Carolina law applies to her claims.

Mentor contends that Duarte's claims are barred under North Carolina's statute of repose. Until 2009, North Carolina law provided that no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-50(a)(6) (1995). On October 1, 2009, a new statute of repose for product liability claims became effective: no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-46.1(1). The new rule became effective on October 1, 2009 and applies only "to causes of

3

action that accrue on or after that date." 2009 N.C. Sess. Laws 2009-420 § 3.

North Carolina courts apply the statute of repose in effect at the time of the initial product sale or delivery. *Robinson v. Bridgestone/Firestone N. Am. Tire, LLC*, 703 S.E.2d 883, 886-87 (N.C. Ct. App. 2011 (applying statute of repose in effect when the allegedly defective tires were initially purchased in 1995 or 1996 and declining to apply N.C. Gen. Stat. § 1-46.1(1) (2009)); *see also Lackey v. DePuy Orthopaedics, Inc.*, No. 5:10-CV-00030-RLV, 2011 WL 2791264, at *3 (W.D.N.C. July 14, 2011) (applying statute of repose in effect when allegedly defective replacement hip was purchased in 1998); *see also Colony Hill Condo. I Ass'n v. Colony Co.*, 320 S.E.2d 273, 276 (N.C. Ct. App. 1984) (applying real property statute of repose in effect when the plaintiff purchased his condominium); *McCrater v. Stone & Webster Eng'g Corp.*, 104 S.E.2d 858, 860 (N.C. 1958) (applying worker's compensation statute of limitations in effect on the date of the plaintiff's accident); *cf. Black v. Littlejohn*, 325 S.E.2d 469, 474-75 (N.C. 1985) ("Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in the statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.") (citations omitted). Therefore, the 1995 statute of repose applies here.

Under the 1995 statute of repose, no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-50(a)(6) (1995).  Therefore, a personal injury cause of action based on a product defect must be brought within six years of the date when the product was initially purchased for use or consumption. *Robinson*, 703 S.E.2d at 887 (finding that to bring a claim related to an allegedly defective tire, the plaintiffs had to prove that the "tire was initially purchased within six years of the filing of the complaint"); *see also Bryant v. Don Galloway Homes, Inc.*, 556 S.E.2d 597, 600 (N.C. Ct. App. 2001) (noting that a statute of repose begins to run when the statutory triggering event occurs, "regardless of whether or not there has been an injury").

Here, it is undisputed that Duarte's ObTape was initially purchased for use on August 12, 2005 at the latest, when the ObTape was implanted into Duarte's body.  Duarte did not file her Complaint until nearly eight years later, on July 11, 2013. Duarte argues, however, that the statute of repose is tolled by fraudulent concealment.  In support of this argument, Duarte cited Minnesota law on fraudulent concealment.  But North Carolina law applies here, and Duarte cited no authority that fraudulent concealment applies to toll the North Carolina

statute of repose. North Carolina precedent establishes that "the repose serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue." *Black*, 325 S.E.2d at 475. For all of these reasons, Duarte's claims are barred by the North Carolina statute of repose, and Mentor is entitled to summary judgment on all of her claims.

CONCLUSION

For the reasons set forth above, Mentor's summary judgment motions (ECF No. 35 in 4:13-cv-267) is granted.


IT IS SO ORDERED, this 23rd day of December, 2015.


s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA